To U.S. District Clerk
300 Willow, Room 104
Beaumont, Texas 77701

12/20/2021

RE; Whatley et al v Stephens et al
1:21 cv 549

Dear Clerk

Please find enclosed plaintiffs evidence of our complaints we have made, in relation to censorship by Kiosk system here at jail, owned by smartjail mail.com, owned by Keefe Group. Please enter these documents into the courts record.

Thank you

Sincerely
John Mark Whatley
JCCF #199793
5030 Hwy 69 South
Beaumont Tx. 77705

Merry Christmas
&
God Bless you
These holidays

# Law Library - #10,472,902

| | | | |
|---|---|---|---|
| From: | DERRICK HOLLOWAY (346230) | Date Submitted: | 12/14/2021 1:03 PM |
| Housing Area: | PB | Date Received: | 12/14/2021 1:32 PM |
| Assigned To: | Law Library | Status: | **OPEN** |

Request

I NEED MOORE V KEEFE SUPPLY,co.(S.D 111.2018) Mckight v Taylor (D.N.J. 2012) IF U HAVE ANY TROUBLE FINDING these case laws JUsT USE YOUr OWN .KIOSK.SYSTEM. your have no trouble thank you

Response

This request has NOT been responded to as of this printing.

I have ask many times for cases I get the same reponse, I can not find it. Im using there own system. I have asked to get copies of my request and grievances, P.R.E. As Im told my Lawyer has to request them. They are still puting females in are Dorm when we are showering when I complain about it Im told Texas Jail Standards say they can Look in the shower(open) shower. Im being told it's ok for the oppposite sex to watch me shower. The dorm accross from me they have torn down the raised platform and moved it. Thats Being Done Dec-8 — Dec 20th 2021 and there still working on it. There trying to hide the fact. Please help Derrick Holloway

WE DESPERATELY NEED ASSISTANCE VIA: SANCTIONS/TEMP. INJ. RELIEF!

# Law Library - #10,471,942

| From: | TRAVIS CARPENTER (236617) | Date Submitted: | 12/14/2021 11:53 AM |
|---|---|---|---|
| Housing Area: | PB | Date Received: | 12/14/2021 1:29 PM |
| Assigned To: | Law Library | Status: | **OPEN** |

## Request

I need to request the following case law please, & thank you:
Albert V. Sheriff of Harris County, Texas. 406 F. Supp. 649 (S.D. Tex. 1975)

## Response

This request has NOT been responded to as of this printing.

"THIS FACILITY & IT'S EMPLOYEES SHOW A TOTAL LACK OF RESPECT FOR THEIR INMATES AS WELL AS OUR SAFETY/WELL BEING, & DISREGARD/IGNORANCE OF THE LAWS BEING GRANTED DUE PROCESS." T.J.C. 12/19/21

THIS CASE PERFECTLY PORTRAYS EVERYTHING GOING ON HERE! THE JUDICIAL SYSTEM & LEGAL PROCESS/JAIL CONDITIONS HERE IS EXACTLY HOW HOUSTON'S WAS PRIOR TO 1975 BEFORE THE FED'S GOT INVOLVED. ELECTED OFFICIALS, LAWYERS, ADMIN-STRATORS, & OFFICERS BELIEVE THEMSELVES UNTOUCHABLE. THINGS REALLY ARE OUT OF CONTROL, & IT'S BEEN GOING ON "SO WRONG, FOR SO LONG" ITS AS IF WE'VE TRAVELED BACK IN TIME TO THE "WILD, WILD WEST"!

T.J.C.
12/19/21

# Law Library - #10,465,112

Smartjailmail.com Jen.

From: JOHN WHATLEY (199743)
Housing Area: PB ~51
Assigned To: Law Library unable to locate

Date Submitted: 12/13/2021 3:16 PM
Date Received: 12/14/2021 7:22 AM
Status: OPEN unable to locate

Request

moore v keefe supply, co. (S.D. 111.2018) -- Mcknight v Taylor (D. N. J. 2012) -- myrie v commissioner ,NJ.DEPT.of Correction 267 F.3D 251 i need copies of these case law

Response

This request has NOT been responded to as of this printing.

PLS1

1) Evidence that administration is denying copies of grievances, this is a copy of request from law library, funny that they cannot give us copies from their own System. Capt. Minter, Lt Ford everyone has told us that we cannot have copies of complaints, PREA complaints, grievances, our lawyer has to request them

2) moore v Keefe Supply co. (S.D. Ill 2018) Mcknight v Taylor (D.NJ. 2012) is in Smartjailmail.com System on dorms due to the fact that the cases are so long we ask for copies, because people are threatening law library inmates.

3) Being denied law library, access to courts, at the Same time administration has the perfect censorship tool.

John Mark Whatley #199743
J.CCF PBL-51
5030 Hwy 69 South
Beaumont Tx 77705

# Law Library - #10,226,012

| From: | JOHN WHATLEY (199743) | Date Submitted: | 11/11/2021 7:05 PM |
|---|---|---|---|
| Housing Area: | PB -51 | Date Received: | 11/11/2021 8:36 PM |
| Assigned To: | Law Library | Status: | **OPEN** |

Request I specify ask for full names, has been denied at all levels

I NEED COPIES OF THESE CASES HAINES V KERNER 404 U.S.519 PROCUNIER V MARTINEZ 416 U.S.396 ALSO NEED SOME STAMPED ENVEPOLES #3 ALSO NEED TO TALK TO SOME WHO UNDERSTANDS WHAT THINGS ARE AVAIABLE IN THE LAW LIBRARY I NEED TO SEE THE LIST OF ALL Females ASSIGNED TO WORK IN DORMS AND ALL RANKING OFFICERS

Response

This request has NOT been responded to as of this printing.

PB51

Capt. Morris, Capt. Harrington have made several threats, if we continue to complain.

John Mark Whatley #199743
JCCF.

To: State Commission on Judicial Conduct Nov 25 2021
P.O. Box 12265
Austin Tx. 78711-2265

RE: Complaint of Jefferson County Magistrates Blanket Denial of all First Appearance Hearings Pre-Arraignment Procedure's for Felonies

To Whom it May Concern

All inmates here at Jefferson County Correctional Facility are told by correctional staff, and Magistrates that in this Jail we the poor people do not have right to a examining trial, in a felony accusation. CCP. art 16.01. Here the magistrates do not understand the poor accused, have a right to, Fourth Amendment, review of a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest. We inmates are being denied the most basic right, to proceed to examine into the truth of the accusation made.

The poor accused person can expect a long oppressive pretrial incarceration, without a review of probable cause by a neutral and detached magistrate. Therefore mult-level hearsay in police reports are being rubber stamped by magistrates. Please investigate and see for yourselfs. That people citizen (poor) accused, here are denied procedural protections.

Sincerely John Mark Whatley #199243
J.C.C.F.
5030 Hwy 69 South
Beaumont Tx. 77705

P.S. Please send me a formal complaint form.

John Mark Whatley #199743
J. CCF.
5030 Hwy 69, South
Beaumont Texas 77705

NORTH HOUSTON TX 773
30 NOV 2021 PM 5 L

RECEIVED
DEC 0 2 2021
State Commission on Judicial Conduct

State Commission on Judicial Conduct
P.O. Box 12265
Austin Tx. 78711-2265

"Legal"

78711-226565



**TEXAS COMMISSION ON JAIL STANDARDS**
P.O. Box 12985, Austin, Texas 78711

ADDRESS SERVICES REQUESTED

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PRESORTED
FIRST CLASS

U.S. POSTAGE PITNEY BOWES
ZIP 78701 $ 000.46
02 4W
0000376979 OCT. 20. 2021

PLS 1

OCT 26 2021

John Whatley #199743
Jefferson County Jail
5030 Hwy 69 South
Beaumont, TX 77705

44 JAY4NAB 77705

# TEXAS COMMISSION ON JAIL STANDARDS

**EXECUTIVE DIRECTOR**
**Brandon S. Wood**

COMMISSION ON JAIL STANDARDS
TEXAS

**P.O. Box 12985**
**Austin, Texas 78711**
**Voice: (512) 463-5505**
**Fax: (512) 463-3185**
**http://www.tcjs.state.tx.us**
**info@tcjs.state.tx.us**

October 16, 2021

John Whatley #199743
Jefferson County Jail
5030 Hwy 69 South
Beaumont, TX 77705

Dear Mr. Whatley,

Your complaint regarding the Jefferson County Jail has been received by the inspector. After careful review of the allegations, it was determined that no violation of minimum jail standards has occurred.

The Texas Minimum Jail Standards does not address legal access. The courts view an attorney, either court appointed or retained, as adequate legal access for pending criminal charges. An inmate's right to other legal access **may** be provided in several ways to include a law library, paralegal, or other means. County jails are not required to have a law library. You may request legal documents using the kiosk system.

You alleged that the grievance system is flawed because you do not get paper copies. Jefferson County officials report that your grievances are maintained on the kiosk system and you may view them in that system.

You alleged that you are being denied access to the U.S. Mail. Jefferson County officials report that you may purchase stamped envelopes from the commissary. SmartJailMail.Com

While this case will be closed, we will continue to monitor the Jefferson County Jail for compliance with minimum standards.

Respectfully,

[signature]

Ben Ablon
Complaint Inspector
Texas Commission on Jail Standards

It seems that poor people have no voice.

Judge Bill Stoudt, Longview, Chair
Dr. Esmaeil Porsa, M.D., Houston, Vice-Chair
Ross Reyes, Melissa
Sheriff Kelly Rowe, Lubbock
Sheriff Raul "Pinky" Gonzales, Refugio
Patricia M. Anthony, Garland
Commissioner Ben Perry, Waco
Duane Lock, Southlake
Monica McBride, Alpine

"The Commission on Jail Standards welcomes all suggestions and will promptly respond to all complaints directed against the agency or any facilities under its purview".
*To empower local government to provide safe, secure and suitable local jail facilities through proper rules and procedures while promoting innovative programs and ideas*

NORTH HOUSTON TX 773

1 NOV 2021 PM 2 L

John Mark Whatley # 199743
Jefferson Co. Correction Facility
5030 Hwy 69, South
Beaumont Tx. 77705

PLS1

Texas Jail Project
1712 E. Riverside Drive, Box 190

'Legal'

TEXA * 787 NCE 1 620C0211/07/21
FORWARD TIME EXP RTN TO SEND
:TEXAS JAIL PROJECT
13714 CLARETON LN
CYPRESS TX 77429-7702

FWD

RETURN TO SENDER

78741-132812

STATE BAR OF TEXAS
P.O. Box 12487, Austin, Texas 78711-2487

OCT 28 2021

PLS1

U.S. POSTAGE PITNEY BOWES
ZIP 78701 $ 000.53[0]
02 4W
0000382435 OCT. 25. 2021

John Whatley 199743
JCCF
5030 Highway 69 South
Beaumont, TX 77705-

Legal Mail
Confidential

77705$1258 R014

# STATE BAR OF TEXAS

**CLIENT-ATTORNEY ASSISTANCE PROGRAM**

**Helpline: 800-932-1900**
**CAAP@texasbar.com**
**P.O. Box 12487**
**Austin, TX 78711-2487**
**Fax: 512-427-4442**

October 22, 2021

Mr. John Whatley 199743

JCCF
5030 Highway 69 South
Beaumont, TX 77705

RE: Your Letter
File: 806331

Dear Mr. Whatley:

Thank you for contacting the State Bar of Texas. The Client-Attorney Assistance Program (CAAP) is a statewide voluntary dispute resolution service of the State Bar of Texas whose objective is to facilitate communication and foster dialogue in an effort to assist Texas lawyers and their clients in resolving minor concerns, disputes, or misunderstandings within the context of the Attorney-Client relationship. CAAP cannot, however, assist you with any underlying civil or criminal matter, provide legal advice, or take any action to remove, replace or compel your attorney to respond or take specific action.

We have received your letter. Please see the marked paragraph below that applies to your request:

______1. To remove and/or replace a court appointed attorney or public defender, contact the Court Coordinator where your case is pending to have your request addressed. The State Bar of Texas has no jurisdiction or authority to add, remove, or replace attorneys.

______2. To obtain court records or transcripts, contact the Court Clerk's office where your case was heard to make your request. Please be advised that pursuant to the rules of the jurisdiction, you may or may not be entitled to the documents requested, or there may be a fee associated with the copying of documents.

______3. The State Bar of Texas does not have jurisdiction over the Court/Judges. We are unable to look into the merits of your court case. You may need to contact the State Commission on Judicial Conduct at P.O. Box 12265, Austin, TX 78711 to have your questions and concerns addressed.

______4. We recommend you send a letter to your attorney and have your request/question addressed; make sure keep copy of the letter for your own records. If the attorney does not respond to the letter in 10 business days contact CAAP. CAAP might be able to assist you in re-establishing communication with your attorney before filing a grievance. Please review our enclosed information.

__X_5. Enclosed please find a list of resources where you may write and express your concerns.

Sincerely,
Client Attorney Assistance Program Staff

resources list that will not help us! wrong ~~and~~ addresses!!

[signature]

Enclosure

*I am a lawyer. I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason than it is right.*

Resources List / Court help here! / extrinsic ~~fraud~~ intrinsic

# LEGAL AND OTHER RESOURCES RELATING TO CRIMINAL MATTERS

If a public defender office is available in a particular county (see below), defendants should contact the public defender office. In criminal matters that could result in incarceration, indigent defendants should contact a magistrate, jailer, court administrator, or judge to request a court appointed lawyer. In matters involving a Class C misdemeanor (where no possible jail time is part of the sentence), there is no right to a court appointed lawyer.

## CAPITAL CRIMINAL MATTERS (INVOLVING THE DEATH PENALTY)

**Capital Punishment Clinic, UT School of Law**
512-232-1475 (Main Office)
https://law.utexas.edu/clinics/capital-punishment
Provides representation, on a limited basis, to indigent defendants charged with or convicted of capital offenses on death penalty cases at the trial, appellate and post-conviction stages of litigation

**Office of Capital and Forensic Writs (OCFW)**
512-463-8600 (Main Office)
www.ocfw.texas.gov
Public Defender representing death-sentenced individuals in state post-conviction proceedings and individuals who are raising challenges to their convictions through forensic science writs.

**Texas Tech University School Of Law – Clinical Programs**
806-742-4312 (Main Office)
www.depts.ttu.edu/law/clinics-and-externships/clinics
Free legal representation and counseling to qualified low-income individuals through the law school's eight clinical courses. Law students offer legal assistance in areas of capital punishment, family law, housing, wills/estates, social security, criminal defense, tax issues and mediation. Tax clinic serves West Texas Panhandle counties, other clinics serve Lubbock and some surrounding counties.

## JAIL GRIEVANCES

**Texas Commission on Jail Standards**
512-463-5505 (Main Office)
www.tcjs.state.tx.us
Inspector- Inmate Complaints, P.O. Box 12985, Austin, TX, 78711-2985
Handles complaints of concern involving inmates in county jails or private correctional facilities that house county and/or out-of-state inmates (excludes the Texas Department of Criminal Justice facilities, city jails, juvenile facilities, and other privately operated facilities); inmates must use internal grievance process prior to submitting their complaint to the office; issues that are criminal in nature should be submitted to a law enforcement agency.

**Texas Jail Project**
512-469-7665 (Main Office)
www.texasjailproject.org
1712 E. Riverside Drive, Box 190, Austin, TX, 78741
Non-profit organization that works to improve conditions for incarcerated women and men in Texas county jails; helps families navigate the criminal justice system and find solutions for inmates in crisis; facilitate reform through the Texas Commission on Jail Standards and by supporting legislation.

## PRISON GRIEVANCES

*An Ombudsman is an independent and impartial investigator for the public's complaints about the administration of government.*

**Access To Courts – Texas Department Of Criminal Justice (TDCJ)**
936-437-4815 (Main Office)
www.tdcj.state.tx.us/divisions/arrm
P.O. Box 99, Huntsville, TX, 77342-0099
Administers law libraries in the prison units that, at a minimum, contains self-help publications, pertinent case law, codes, rules, and fill-in-the-blank legal forms.

**Office Of The Inspector General – Texas Department Of Criminal Justice (TDCJ)**
512-671-2480 (Main Office)
oig.tdcj.texas.gov
Office of the Inspector General Investigations Department, PO Box 4003, Huntsville, TX, 78728
Investigates allegations of excessive/unnecessary use of force and harassment and retaliation of inmates for use of the legal system; investigate all criminal activities involving offenders and employees in the offices of the TDCJ; investigate fraud and any misappropriation of funds by state employees of TDCJ.

**Ombudsman Coordinator – Texas Department Of Criminal Justice (TDCJ)**
936-437-4927 (Main Office)
www.tdcj.state.tx.us/divisions/arrm
P.O. Box 99, Huntsville, TX, 77342-0099
Provides a single point of contact for elected officials and members of the general public who have inquiries regarding the agency, offenders or staff; also acts as a liaison between TDCJ and the general public; responds to informational inquiries regarding agency policies, procedures, or actions or to questions concerning a specific offender; facilitates problem resolution.

**Parole Division Ombudsman - Texas Department Of Criminal Justice (TDCJ)**
512-406-5795 (Main Office)
www.tdcj.state.tx.us/divisions/arrm
P.O. Box 13401, Capital Station, Austin, TX, 78711
Handles issues from the public relating to client supervision; responds to concerns from clients on parole or mandatory supervision.

## INFORMATION FOR RELATIVES OF INMATES

**Texas Inmate Families Association (TIFA)**
512-371-0900 (Main Office)
www.tifa.org
P.O. Box 300220, Austin, TX, 78703-0004
Non-profit organization for families of inmates that advocate on behalf of their members to the Texas Department of Criminal Justice and the Texas Legislature.

## INNOCENCE CLAIMS

**Actual Innocence Clinic, UT School Of Law**
512-471-1317 (Main Office)
https://law.utexas.edu/clinics/actual-innocence
The University Of Texas School Of Law, 727 E. Dean Keeton Street, Austin, TX, 78705
A non-profit, tax-exempt corporation that screens and investigates claims from inmates that they are actually innocent of the offense for which they were convicted and are serving a prison sentence.

**Earl Carl Institute For Legal & Social Policy, Inc. – Innocence Project**
713-313-1161 (Main Office)
www.earlcarlinstitute.org
Earl Carl Institute, 3100 Cleburne Street, Houston, 77004
The Innocence Project investigates claims of actual innocence where an individual has been convicted of a crime in Texas; the convicted individual must have exhausted all direct appeals. Actual Innocence means that either (1) no offense was committed, or (2) there was an offense but someone else committed it. In addition, new conclusive evidence of innocence must be available to be presented on your behalf that was not available at the time of your original trial. Individuals claiming to have been wrongfully convicted may make a formal request for assistance by completing a TPIQ (Texas Prisoner Innocence Questionnaire) and mailing it to the Innocence Project. TPIQs are generally also available in prison libraries.

**Innocence Project Of Texas**
806-744-6525 (Main Office)
www.innocencetexas.org
300 Burnett St., Ste. 160, Fort Worth, TX, 76102-2755
Investigates claims of actual innocence where an individual has been convicted of a felony in a Texas State Court and has exhausted all of his or her direct appeals; does not provide litigation assistance during trial, appeal or parole proceedings; requests must be sent by mail; include in the letter a description of the crime, the claimant's contact information (including TDCJ# if they are incarcerated) and a description of any evidence that could help to prove innocence.

**Texas Innocence Network – Houston Law Center**
713-743-7552 (Main Office)
www.texasinnocencenetwork.com
4604 Calhoun Road, Houston, TX, 77204-6060
Considers cases involving incarcerated inmates with persuasive claims of actual innocence who have reached the end of the appellate process; takes cases in which a guilty plea, no contest plea or plea bargain was entered on a limited basis only; case requests must be sent by mail; include the inmate's name, number, address, crime convicted of, and reason(s) they are innocent of the crime

## SPECIALTY PUBLIC DEFENDER

**Bexar County Public Defender's Office**
210-335-0701 (Main Office)
www.bexar.org/1041/Public-Defenders-Office
Appellate and mental health cases for indigent defense through court appointment only; applies to citizens of Bexar County.

**Fort Bend County Mental Health Public Defender**
281-238-3050 (Main Office)
www.fortbendcountytx.gov
Represents indigent defendants with mental illnesses; cases with both felonies and misdemeanors involving mental health.

**Harris County Public Defender's Office**
713-274-6700 (Main Office)
harriscountypublicdefender.org
Indigent criminal defense in the following: felony appellate, misdemeanor appellate, and misdemeanor mental health.

**Lubbock Private Defenders' Office**
806-749-0007 (Main Office)
www.lpdo.org
Appoints specially trained private defenders to represent indigent citizens with serious mental illnesses or conditions charged with the commission of misdemeanor and felony offenses in Lubbock County; assigns case workers to provide case management after incarceration in order to help reduce the cycle of recidivism.

**Montgomery County Mental Health Treatment Court Services Program**
936-538-8131 (Main Office)
www.mctx.org/departments/departments_l_-_p/mental_health_court_services
Serves to increase public safety, facilitate participation in effective mental health and substance abuse treatment, improve the quality of life for people with mental illness charged with crimes, and make more effective use of criminal justice and mental health resources. Represents indigent offenders in felony mental health and misdemeanor mental health cases through court appointment.

**Regional Public Defender For Capital Cases**
806-775-1520 (Main Office)
www.rpdo.org
Indigent criminal defense (Judicial Regions may be accessed through website).

**Office of Capital and Forensic Writs (OCFW)**
512-463-8600 (Main Office)
www.ocfw.texas.gov
Public Defender representing death-sentenced individuals in state post-conviction proceedings and individuals who are raising challenges to their convictions through forensic science writs.

**Travis County Mental Health Public Defender**
512-854-3030 (Main Office)
www.traviscountytx.gov/criminal-justice/mental-health-public-defender
Misdemeanor criminal defense for those with mental health issues and defense with social services

## STATEWIDE LEGAL RESOURCES RELATING TO CRIMINAL MATTERS

*If a public defender is not listed under your county and the court does not appoint an attorney on your behalf, a list of all the lawyer referral services in Texas can be found under the "Other Resources" tab. Please indicate that you are searching for a criminal defense attorney. Alternative resources are listed below.*

**National Association Of Criminal Defense Lawyers (NACDL)**
202-872-4001 (Main Office)
www.nacdl.org
NACDL is the premier national bar serving the criminal defense profession. Offers an online referral directory of private criminal defense attorneys who are NACDL members. NACDL advocates for a fair, rational and humane criminal justice system, and provides continuing legal education for criminal defense lawyers.

**Texas Criminal Defense Lawyers Association (TCDLA)**
512-646-2734 (Main Office)
www.tcdla.com
A statewide association for criminal defense attorneys; the website has a "Lawyer Locator" tool that identifies private criminal defense attorneys by city/county location and areas

**Texas Fair Defense Project**
512-637-5220 (Main Office)
www.fairdefense.org
TFDP works to improve the fairness of the criminal justice system. TFDP accepts intake calls from individuals who are seeking help with Class C Misdemeanor tickets they cannot afford or are seeking help to reinstate their driver license. TFDP can only provide direct representation for a limited number of individuals, but will provide brief assistance over the phone for as many people as possible. TFDP also accepts intake calls from individuals who have had difficulty requesting appointed attorneys in their criminal case. TFDP cannot provide direct representation to individuals in that situation, but can provide brief advice over the phone.

**Webb County Public Defender**
956-523-4101 (Main Office)
www.webbcountytx.gov/PublicDefender
Ensures legal representation to indigent defendants charged with adult misdemeanor and felony crimes; juvenile criminal defense unit.

**Wichita County Public Defender**
940-766-8199 (Main Office)
www.co.wichita.tx.us/Public_Defender
Indigent criminal defense.

**Willacy County Public Defender Texas RioGrande** Legal Aid
956-364-3810 (Main Office)
www.trla.org/office/willacy-county-public-defender
Indigent criminal defense

## FEDERAL PUBLIC DEFENDER

*Federal public defenders offer effective counsel to indigent federal defendants who cannot afford to retain their own representation.*

**Federal Public Defender, Eastern District**
Beaumont: 409-839-2608
Frisco: 469-362-8506
Sherman: 903-892-4448
Tyler: 903-531-9233
txe.fd.org

**Federal Public Defender, Northern District**
Amarillo: 806-324-2370
Dallas: 214-767-2746
Fort Worth: 817-978-2753
Lubbock: 806-472-7236
txn.fd.org

**Federal Public Defender, Southern District**
McAllen: 956-630-2995
Laredo: 956-753-5313
Houston: 713-718-4600
Brownsville: 956-548-2573
Corpus Christi: 361-888-3532
www.fpdsdot.org

**Federal Public Defender, Western District**
Alpine: 432-837-5598
Austin: 512-916-5025
El Paso: 915-534-6525
San Antonio: 210-472-6700
Del Rio: 830-703-2040
txw.fd.org

## JUVENILE PUBLIC DEFENDER

*If a juvenile (ages 10-16) is charged with a crime, it may be considered a civil matter and legal aid may be able to help (see first program listed for the county in which the juvenile is being charged). In addition to contacting legal aid, a list of public defender offices that handle indigent juvenile defense is below.*

**Cameron County Juvenile Justice Department**
956-399-3075 (Main Office)
www.co.cameron.tx.us/iJDC
Represents juvenile offenders.

**Caprock Regional Public Defender Office**
806-742-4312 (Main Office)
www.depts.ttu.edu/law/clinics-and-externships/clinics/crpd
Indigent criminal defense in misdemeanors, felonies and juvenile cases appointed by judge (includes Armstrong, Briscoe, Dickens, Floyd, Kent, King, Motley, Stonewall and Swisher counties).

**Dallas County Office Of The Public Defender – Juvenile Division**
214-698-4400 (Main Office)
www.dallascounty.org/government/public_defender
Represents juveniles charged with delinquent conduct.

**Earl Carl Institute For Legal & Social Policy, Inc. – Juvenile Justice Project**
713-313-1139 (Main Office)
www.earlcarlinstitute.org
Addresses the issue of disproportionate minority contact (DMC), through a holistic approach, by providing legal representation to children who are in multiple systems including the criminal justice system, disparate educational systems, the mental health system and foster care system; offers free legal representation to students seeking to have their criminal records sealed, students in school disciplinary and special education hearings, cases pending in Justice of the Peace and Municipal Courts and the Juvenile Delinquency courts in Harris County, and its surrounding counties.

**El Paso County Public Defender**
915-546-8185 (Main Office)
www.epcounty.com/pdefender
Represents indigent individuals charged with juvenile, misdemeanor and felony offenses from pretrial up to and including appeal; also assists in capital and child support as assigned by the courts.

**Travis County Juvenile Public Defender**
512-854-4128 (Main Office)
www.traviscountytx.gov/juvenile-public-defender
Represents indigent juveniles who have been accused and asked to appear in juvenile court.

## LEGAL RESOURCES FOR MEXICAN NATIONALS

*Mexican Consulates may provide some assistance to Mexican Nationals – ask for the department of protection and legal affairs.*

**Consulate General Of Mexico**
Austin: 512-478-2866
Brownsville: 956-542-7267
Dallas: 214-932-8670
Del Rio: 830-775-2352
Eagle Pass: 830-773-9255
El Paso: 915-532-5540
Houston: 713-995-1227
Laredo: 956-723-0990
McAllen: 956-686-0243
Presidio: 423-229-2788
San Antonio: 210-227-9145
https://consulmex.sre.gob.mx/sanantonio

## NON-CAPITAL CRIMINAL MATTERS (MISDEMEANORS OR FELONIES)

**Criminal Defense Clinic, UT School Of Law**
512-232-1300 (Main Office)
law.utexas.edu/clinics/criminal-defense
Persons charged with misdemeanors in Travis County may call to request an intake appointment (no walk-ins); outgoing voicemail message will indicate if new clients are being accepted.

**Criminal Litigation Clinic, SMU Dedman School Of Law**
214-768-2555 (Main Office)
law.smu.edu/clinics/criminal-clinic
Provides legal assistance to Dallas County citizens charged with offenses (such as classes A and B misdemeanors) and face the possibility of imprisonment.

**Texas Tech University School Of Law – Clinical Programs**
806-742-4312 (Main Office)
www.depts.ttu.edu/law/clinics-and-externships/clinics
Free legal representation and counseling to qualified low-income individuals through the law school's eight clinical courses. Law students offer legal assistance in areas of capital punishment, family law, housing, wills/estates, social security, criminal defense, tax issues and mediation. Tax clinic serves West Texas Panhandle counties, other clinics serve Lubbock and some surrounding counties.

## LEGAL RESOURCES FOR INMATES IN PRISON

*Most federally funded legal aid programs are prohibited from assisting inmates with criminal legal matters. All Texas Department of Criminal Justice (TDCJ) inmates must use the TDCJ system for filing complaints.*

*State Counsel for Offenders Division, Texas Board of Criminal Justice (TBCJ)*
*936-437-5203*
*www.tdcj.texas.gov/divisions/scfo/*
*Safeguarding the Constitution and promoting justice by providing independent, quality legal services exclusively to indigent persons confined in Texas correctional facilities. Incarcerated persons wanting help with legal problems that cannot be solved at the unit law library level should send an I-60 or letter by truck mail to the relevant SCFO Section. The offenders name and TDJC ID# must be printed on the request. If the offender has been served with legal papers, the offender should immediately send the legal papers with an I-60 with name and TDJC ID# printed on the request, by truck mail to:*
*State Counsel for Offenders – Attention [name of section]*
*P.O. Box 4005*
*Huntsville, TX 77342-4005*

*The State Counsel for Offenders has four sections:*
**State Counsel for Offenders – Criminal Defense Section**
936-437-5203 (Main Office)
tdcj.texas.gov/divisions/scfo/criminal_defense_section.html Represents indigent incarcerated clients indicted for felonies allegedly committed while incarcerated within the Texas Department of Criminal Justice (TDCJ).

**State Counsel for Offenders – Civil Defense Section**
936-437-5203 (Main Office)
tdcj.texas.gov/divisions/scfo/civil_defense_section.html Represents indigent incarcerated clients subject to court proceedings under the Sexually Violent Predator (SVP) civil commitment statute; does not handle any other civil actions.

**State Counsel for Offenders – Appellate Section**
936-437-5203 (Main Office)
www.tdcj.texas.gov/divisions/scfo/appellate_section.html Assists indigent, incarcerated clients who need legal services with civil commitment appeals, criminal appeals and post-conviction writs.

**State Counsel for Offenders – Legal Services Section**
936-437-5203 (Main Office)
tdcj.texas.gov/divisions/scfo/legal_services_section.html Assists indigent clients with a variety of legal issues, problems, and questions. Areas include immigration, civil commitment, biennial reviews, time related issues, prisoner exchange, Petition for Discretionary Review, detainers, motions for nunc pro tunc orders, and other general legal issues.

**Affordable Inmate Services (AIS)**
936-564-3403 (Main Office)
www.aisinmate.com
Offers a full line of products and services to inmates within the United States. Provides access to paid legal research: Case law, PACER, court records and FOIA submissions on behalf of our clients. We maintain an Indigent Fund which covers limited legal research requests based on need. Refers all conditions of confinement complaints to Texas CURE, or local state CURE chapters and National CURE.

**Texas CURE**
214-893-0784 (Main Office)
www.texascure.org
Non-profit organization that organizes prisoners, their families, and other concerned citizens to achieve reforms in the Texas criminal justice system; provides referrals and information, but no legal assistance. Mailing address: P.O. Box 38381, Dallas, 75238-0381.

**Texas Department Of Criminal Justice (TDCJ) Reentry And Integration Division**
512-671-2134 (Main Office)
tdcj.state.tx.us/divisions/rid
Provides a three-phased reentry program designed to prepare offenders for a successful return to the community by assisting with identification processing, assessment and reentry planning, community reentry services and reentry services for veterans. The program is conducted in conjunction with the Texas Correctional Office on Offenders with Medical or Mental Impairments (TCOOMMI), which coordinates the mental health and medical needs of both juvenile and adult offenders under supervision through established partnerships and targeted state resources. Reentry Hotline Number (877) 887-6151.

## PUBLIC DEFENDER

*See: http://www.tidc.texas.gov for a listng of public defender offices.*

**Bee County Regional Public Defender Office**
361-358-1925 (Main Office)
www.trla.org/office/bee-county-regional-public-defender
Indigent criminal defense (includes Bee, Live Oak, McMullen, Goliad and Refugio CounSes); call toll free 877-854-3874 to qualify for assistance.

**Bowie County Public Defender**
903-792-2012 (Main Office)
www.co.bowie.tx.us/page/bowie.PublicDefendersOffice
Provides indigent criminal defense in Bowie County.

**Burnet County Public Defender Office**
512-234-3061 (Main Office)
www.burnetcountytexas.org
Indigent criminal defense in felony, juvenile and misdemeanor offenses.

**Caprock Regional Public Defender Office**
806-742-4312 (Main Office)
www.depts.ttu.edu/law/clinics-and-externships/clinics/crpd
Indigent criminal defense in misdemeanors, felonies and juvenile cases appointed by judge (includes Armstrong, Briscoe, Dickens, Floyd, Kent, King, Motley, Stonewall and Swisher counties).

**Colorado County Public Defender**
979-732-9425 (Main Office)
www.co.colorado.tx.us/page/colorado.Defender
Indigent criminal defense.

**Dallas County Public Defender**
214-653-3550 (Main Office)
www.dallascounty.org/government/public-defender/
Indigent criminal defense for felony, misdemeanor, juvenile and capital offenses and issues related to family law, CPS, DNA, appellate and mental health.

**El Paso County Public Defender**
915-546-8185 (Main Office)
www.epcounty.com/pdefender
Represents indigent individuals charged with juvenile, misdemeanor and felony offenses from pretrial up to and including appeal; also assists in capital and child support as assigned by the courts.

**Far West Texas Regional Public Defender**
432-837-4120 (Main Office)
https://far-west-texas-regional-public-defender.business.site/
Indigent criminal defense in misdemeanors and felonies (includes Brewster, Culberson, Hudspeth, Jeff Davis, Presidio).

**Hidalgo County Public Defender**
956-292-7040 (Main Office)
www.hidalgocounty.us/196/Public-Defender
Represents indigent individuals charged with criminal juvenile and adult misdemeanor and co-occurring felony offenses, child welfare, protective order and child support delinquency case.

**Kaufman County Public Defender**
972-932-0230 (Main Office)
www.kaufmancounty.net/courts-and-public-safety/public-defender
Indigent criminal defense; felony, misdemeanor.

**Rio Grande City Regional Public Defender**
956-271-0712 (Main Office)
http://www.trla.org/office/rio-grande-city
Represents indigent defendants who were appointed counsel by the courts in Starr, Duval, and Jim Hogg counties.

Mailed out Sept. 27, 2021

~~To:~~ This IS A Copy OF Letter Sent To Texas Commission on Jail Standards

RE; Jefferson County Corruption and Violations OF Jail Standards

To Whom it May Concern

My name is John Mark Whatley, a prisoner at J.C.C.F. I have been complaining about First, Fourth & Fourteenth violations censorship of mail by smartjailmail.com kiosk, non-convicted people J.C.C.F prisoners are being denied our First amend. right to engage in protected communication by recieving personal United States Postal mail and personal pictures of family and friends.

P.R.E.A. violations, women guards watch male inmates while naked, from less than 12 feet away while showering. However the same inmates cannot have their jumpsuit not own property, females officers from 12 feet away can see male's naked, 30 feet away in your bunk we better not have our jumper unbuttoned. To say sexual harassment is a understatement by female officers. Inmates are being denied the grievance process, on kiosk, No appeals, administration's blanket denial of grievable isses, that is up to the court to decide, also this denial is also a violation of the access of courts.

Please investigate and see that these are real violations and (we) inmates are truthful.



To say that the poor accused citizen here in Jefferson County Texas is on a unlevel playing field is a understatement and that all criminal justice employees in the Jefferson County Scheme have learned how to hide the ball, ball being evidence.

The poor accused citizen in this County can expect a dangerous combination at work against them

1) mult-level hearsay contained in police reports are being rubber stamped by magistrate, being used by the States attorney as to the truth of the matter
2) No pre-trial detention hearing for felonies
3) Court-appointed attorneys here file "no motions" to help the poor accused in protection of their right too a presumption of innocence
4) magistrates are in Neglect of duty by not following CCP art 15.17 Duties of Arresting officer & Magistrate and CCP art 16.01 Examining Trial also magistrates or denying CCP art. 17.33 Request Setting of Bail

Jefferson County officials extend less procedural protection to an (inmate) human being than is required to test the propriety of garnishing a commercial bank account (They will protect their money) not people!

U.S.C.A. Const. Amend. 4

Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest

A poor accused person can expect to have a long oppressive pretrial detention here at Jefferson County Correctional Facility.

Here the form of evidence (the ball) the States attorney chose to utilize has been criticized by the Court of Criminal Appeals in the past

see, Garcia v State, 775 S.W. 2d 879, 880 (Tex. App— San Antonio 1989, no pet) (J. Butts) (the ball) "...The quality of such evidence suffers from the mult-level hearsay contained in the police reports and does not provide a clear picture of defendants role in the charged crime.

States tender of these convoluted reports only generates confusion on this issue

Texas Criminal Appeals states in Ex parte Pretow 929 S.W. 2d 154 (1996) The Court clearly criticized the type of police reports Jefferson County and local police depts use as complaints, as a result, a poor accused charged by information could be detained for a substantial period solely on the decision of a prosecutor

The point of the Fourth Amendment protection of poor accused which often is not grasped by over zealous officers, who are engaged in the often competitive enterprise of ferreting out crime.

Pre-trial confinement does imperil the suspects job interrupts his source of income and impairs his family relationships.

The affidavits and police reports Jefferson County use to find probable cause are improper where the affidavits as a whole consists of nothing more than a stringing together of what appear to be vague and unsupported rumors suspicions and bare conclusions of others.

Jefferson County procedures that have been passed down do not safeguard citizens rights from rash and unfounded charges of crime.

These are not mistakes made by reasonable men it is with intent to improperly influence the investigation of poor citizens and the continuing incarceration of presumptively innocent persons without a hearing on justification for a long pre-trial detention here at JCCF.

The Framers of the Bill of Rights, Model At Common law it was customary, if not obligatory for an arrested person to be brought before a justice of the peace shortly after arrest. 2 M. Hale Pleas of the Crown 77, 81, 95, 121 (1736) The justice of the peace would "examine" the prisoner and the witnesses (not a paper ~~record~~ review) to determine whether there was reason to believe the prisoner had committed a crime. If there was the suspect would be committed to jail or bailed pending trial. If not he would be discharged from custody. 1 M. Hale at 583-586; 2 W. Hawkins, at 116-119; 1 J. Stephen History of the Criminal Law of England 233 (1883)

The initial determination of probable cause also could be reviewed by higher courts on a writ of habeas corpus, 2 W. Hawkins at 112-115
see Ex parte Bollman 4 Cranch, at 97-101

The above stated practice furnished the model for criminal procedure in America immediately following the adoption of the Fourth Amendment United States v Hamilton, 3 Dall. 17, 1 L.Ed 490 (1795)

Lawyers in the Jefferson County criminal justice scheme will not use pre-trial habeas corpus for a review of probable cause for poor people.

The cherished liberties, of democratic society, in which respect for the dignity of "ALL" men is central" naturally guards against the misuse of the law enforcement process. Zeal in tracking down crime is not in itself an assurance of protection of unfounded detention

Experience has therefore counseled that safeguards must be provided against the dangers of the over-zealous as well as despotic officers

Pretrial detention is by nature temporary. Jefferson County attorneys have made many citizens here plea guilty through improper influence

Court-appointed counsel use coercion to get a poor accused person to plea guilty by threatening them with a long prison sentence. What person in their right mind wants to go, too trial with a lawyer

who never researched law or has a sound trial strategy, the court-appointed counsel assigned to the defendants case have taken actions or failed to act in accordance with the rules of professional conduct as the public pretenders have failed to interview not one character witness, failed to assess any strategic rationale for a defense position, or take appropiate action to investigate allegations by the prosecutor concerning representations at the grand jury, a wealthy accused person gets legal representation before indictment.

Recent example; Sheriff Zena Stephens being a privileged individual of this county, was represented by Samuels and Samuels at law at a grand jury proceeding in Jefferson County. Sheriff was no-Billed.

The prosecutor has introduced evidence in this matter the prosecutor knows to be false or failed to verify the accuracy of the representations evidence presented to the court, and after the prosecutor knew or should have knew the information to be false, the prosecutor has failed to take any action to correct the false evidence submitted to the court.

Further, the defendant has been unable to have assigned counsel bring this matter to the attention of the court either as a result or complete indifference to the representations made by the prosecutor concerning the truth of the matter.

The evidence concerning this alleged crime is the result of creative writing skills by those experienced in litigation police, investigators and state attorneys, who use boilerplate language routinely to have the indigent accused people indicted. The defendant attempted to have the court-appointed attorney investigate the matter and the attorney has not responded to any inquiries.

The Court has appointed counsel to represent the defendant and the defendant has been woefully served by the counsel appointed. The appointed counsel took no action to dismiss the indictment where the grand jury was overreached and deceived in a significant manner by the prosecutor permitted witnesses to elicit or testify concerning matters not within the realm of experience of the witnesses and deliberately misled the grand jury to indict the defendant.

Sincerely

John Mark Whatley
#1919743

John Mark Whatley # 199743
J.C.C.F.
5030 Hwy 69, South
Beaumont Texas
CLERK, U.S. DISTRICT COURT
RECEIVED
DEC 28 2021
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS
"Legal"

PURPLE HEART
FOREVER USA
PURPLE HEART
FOREVER USA
PURPLE HEART
FOREVER USA
USA FOREVER

U.S. District Clerk
300 Willow, Room 104
Beaumont, Texas 77701