IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN MARK WHATLEY | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-549 |
| ZENA STEPHENS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

John Mark Whatley, formerly an inmate confined at the Jefferson County Correctional Facility ("JCCF"), proceeding *pro se*, filed this civil rights lawsuit pursuant to the Prison Rape Elimination Act of 2003, 34 U.S.C. §§ 30301-30309 (the "PREA"), and 42 U.S.C. § 1983 against Sheriff Zena Stephens, Captain Minter, Captain Harrington, Captain Lewis, Captain Harrell, Major Guillory and the Keefe Group. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff states officials at the JCCF began using a kiosk system for communications. As a result, inmates are no longer permitted to file grievances using paper. He states the system results in documents being lost, misplaced or deleted from the system. Plaintiff asserts that the implementation of the new system has resulted in inmates being denied access to the internal grievance process.

Plaintiff also alleges the PREA is being violated because Defendants Guillory and Morris, along with all ranking officers, are consciously indifferent to the sexual harassment of inmates. He states officers are violating the PREA during every shift because comments regarding the body parts of inmates are being made and female officers are watching male inmates shower and use the restroom.[1]

---

[1] Plaintiff's Complaint included allegations regarding additional claims brought pursuant to Section 1983. Those claims have been severed into a separate lawsuit (doc. #39).

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). Further, a complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

Analysis

*Grievance Process*

Plaintiff complains that grievances filed electronically through the kiosk system are lost, misplaced or deleted. He asserts this results in prisoners being denied access to the grievance process.

Prisoners have no due process rights in access to an inmate grievance process. As a result, a claim that grievances were mishandled fails to establish a constitutional violation. *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020). A prisoner does "not have a constitutional right . . . to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211, 212 (5th Cir. 2015). Plaintiff's allegations regarding being denied access to the grievance process therefore fail to state a claim upon which relief may be granted.

*Claims Under the PERA*

Plaintiff states he has been subjected to sexual harassment in violation of the PREA. The PREA "was drafted to address the problem of rape in prison, authorize grant money, and create a

commission to study the issue . . . ." *Johnson v. Rupert*, No. 6:11-cv-446, 2014 WL 6969202, at *5 (E.D. Tex. Dec. 9, 2014). However, the PREA does not create a private right of action. *Beverly v. Cnty. of Orange*, No. 22-55080, 2022 WL 14003695, at *1 (9th Cir. Oct. 24, 2022); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015); *Williams v. Director TDCJ*, No. H-22-1277, 2022 WL 22838745, at *3 *(S.D. Tex. Oct. 11, 2022); *Abbott v. Otis-Sanders*, No. 2:22-cv-01271, 2022 WL 4007470, at *1 (W.D. La. Aug. 18, 2022); *Molina v. Wise Cnty., Tex.*, No. 4:17-cv-809-Y, 2019 WL 2176272, at *2 (N.D. Tex. May 20, 2019). As a result, Plaintiff's allegations regarding violations of the PREA fail to state a claim upon which relief may be granted.

## Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 14th day of February, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE